IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-01522-REB-CBS

SHIRLEEN ASBURY,
QUENT MAYO,
DELORES CAMBER,
JOSEPHINE GIBSON,
DARLA BARELA,
FRANCES VALLES, and
SANDRA VALLES,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
NANCY QUINN, and
JOHN BRAWNER AGENCY, INC.,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**Blackburn, J.**

This matter is before me on (1) **Defendants Brawner and Quinn's Motion To Dismiss Under Fed.R.Civ.P. 12(b)(6), and Brief in Support** [#14] filed July 28, 2008; and (2) **Plaintiffs' Motion To Remand** [#16] filed August 12, 2008. Both motions generated responses [#17 and #23] and replies [#24 and #31]. I grant the motion to remand and deny the motion to dismiss as moot.

### I. JURISDICTION

I have putative jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one of which the district court would have had original jurisdiction. Where the basis of removal is allegedly diversity of citizenship, therefore, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. These facts "must be affirmatively established on the face of either the petition or the removal notice." ***Laughlin v. Kmart Corp.***, 50 F.3d 871, 873 (10th Cir. 1995). Because plaintiffs' complaint does not recite a specific dollar amount of recovery sought, the burden is on defendants to establish by a preponderance of the evidence that the jurisdictional minimum is satisfied. ***Martin v. Franklin Capital Corp.***, 251 F.3d 1284, 1290 (10th Cir. 2001).

## III. ANALYSIS

Defendants removed this bad faith breach of insurance contract and insurance fraud case from the Colorado state district court on the basis of diversity of citizenship. Defendants claimed that the individual defendants had been fraudulently joined solely for the purpose of defeating diversity. Disregarding their citizenship, defendants alleged that the parties were completely diverse and that the amount in controversy exceeded the jurisdictional minimum of $75,000. Plaintiffs now seek to remand the case to state court, challenging both defendants' claim of fraudulent joinder and their assertion that the jurisdictional minimum amount in controversy is satisfied. Because I find the latter issue dispositive, I do not address the former.

Defendants' Notice of Removal attempts to establish that the jurisdictional minimum is satisfied primarily by reference to plaintiffs' assertion in the Civil Cover Sheet that "[t]his party is seeking a monetary judgment for more than $100,000.00

2

against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs." At least five of my colleagues in this district, when confronted with this same issue, have determined that the Civil Cover Sheet, standing alone, is not sufficient to establish the jurisdictional minimum amount in controversy. ***See, e.g.***, **Humphreys v. American Family Mutual Insurance Co.**, 2008 WL 2787344 at *2 (D. Colo. July 15, 2008) (Daniel, J.); **Magdaleno v. L.B. Foster Co.**, 2008 WL 496314 at *5-*6 (D. Colo. Feb. 19, 2008) (Krieger, J.); **Braden v. Kmart Corp.**, 2007 WL 2757628 at *2 (D. Colo. Sept. 20, 2007) (Babcock, J.); **Ralph v. SNE Enterprises, Inc.**, 2007 WL 1810534 at *1 (D. Colo. 2007) (Miller, J.); **Harding v. Sentinel Insurance Co., Ltd.**, 490 F.Supp.2d 1134, 1135-36 (D. Colo. 2007) (Kane, J.). As these opinions recognize,

> the election [of the Civil Cover Sheet] is simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction. . . . From this representation, the Court cannot determine what law is applicable or whether the plaintiff seeks an amount which can be recovered under the applicable law.

**Magdaleno**, 2008 WL 496314 at *6.[1] When the complaint and notice of removal do not further illuminate these matters, the court cannot properly rely on the Civil Cover Sheet alone as proof of the jurisdictional minimum amount in controversy.

The problem presented by the vagueness of the Civil Cover Sheet's representation as to damages sought is even more pronounced in this case due to the presence of multiple plaintiffs. ***See id***. at *6 n.7. Defendants point out that so long as

---

[1] An additional reason for refusing to rely on the Civil Cover Sheet alone is that the Civil Cover Sheet is not a pleading and does not contain the certifications required by Fed.R.Civ.P. 11 or C.R.C.P. 11. **Magdaleno**, 2008 WL 496314 at *5 (noting further that "[r]eference to [the Civil Cover Sheet] in the notice of removal does not cure the problem because the attorney signing the notice of removal necessarily is not the attorney who made the election in the Civil Cover Sheet").

3

one plaintiff satisfies the jurisdictional minimum, the remaining claims may be considered under the court's supplemental jurisdiction. ***Exxon Mobil Corp. v. Allapattah Services*, *Inc.***, 545 U.S. 546, 559, 125 S.Ct. 2611, 2620-21, 162 L.Ed.2d 502 (2005). While this is an accurate portrayal of the holding of that case, it does not advance defendants' cause absent proof that at least one plaintiff has averred claims that meet or exceed the jurisdictional minimum amount in controversy. Defendants cannot overcome that initial hurdle merely by reference to the Civil Cover Sheet, which does not reveal whether the claimed damages represent the damages of all plaintiffs collectively or any one or more of them singly.

Although defendants vigorously protest that they are not relying *solely* on the representations of the Civil Cover Sheet to make out their jurisdictional claims, the additional matters set forth in their Notice of Removal add nothing to their efforts to substantiate that the minimum amount in controversy is satisfied . Although defendants point out that plaintiffs are seeking treble damages and attorney fees, in the absence of any reliable evidence as to any individual plaintiff's damages, it is impossible to say that these amounts would cause the amount in controversy as to any one or more of them individually to exceed $75,000. Similarly, the fact that noneconomic damages for plaintiffs' bad faith claims are capped at a level in excess of the minimum amount in controversy does not advance the ball regarding whether any individual plaintiff's noneconomic damages would meet the cap.

Therefore, I find and conclude that defendants have not established that the requisite jurisdictional minimum amount in controversy for diversity jurisdiction has been

satisfied. Accordingly, plaintiffs' motion to remand must be granted.[2]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiffs' Motion To Remand** [#16] filed July 22, 2008, is **GRANTED**;

2. That **Defendants Brawner and Quinn's Motion To Dismiss Under Fed.R.Civ.P. 12(b)(6), and Brief in Support** [#14] filed July 28, 2008, is **DENIED AS MOOT**;

3. That the Trial Preparation Conference set for October 2, 2009, is **VACATED**;

4. That the jury trial set to commence October 19, 2009, is **VACATED**; and

5. That this case is **REMANDED** to the District Court of Boulder County, Colorado (where it was filed initially as Case No. 2008CV652 (Division 5)).

Dated February 9, 2009, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] I must frankly acknowledge that in a prior case, also involving multiple plaintiffs, I held that the representation as to the amount of damages sought on the Civil Cover Sheet was sufficient to establish the minimum amount in controversy. (*See* **Order Denying Motion To Remand** at 2 [#15], filed February 15, 2005, ***Wright v. Hartford Underwriters Insurance Co.***, Civil Case No. 04-RB-1735 (BNB).) Several considerations lead me to disavow any further reliance on that aspect of my opinion. First, the issue, although squarely presented there, was not put forth at the level of analysis advanced here, as the brief nature of the analysis therein reflects. In particular, I was not asked in ***Wright*** to consider the issue of aggregation, even though it seems to have been relevant and potentially dispositive. Moreover, at the time I rendered that decision, I was not privvy to the well-reasoned and well-supported opinions of my colleagues on the issue. Thus, mindful of Ralph Waldo Emerson's admonition that "a foolish consistency if the hobgoblin of little minds," I conclude that my opinion in ***Wright*** regarding this issue does not merit continued allegiance.

Although defendants also cite me to my opinion in ***Wells v. American Family Insurance Group***, 2006 WL 561554 (D. Colo. Mar. 3, 2006), my reference to the Civil Cover Sheet in that case was pure dicta, as I went on to note that the complaint itself contained sufficient allegations to establish the jurisdictional minimum amount in controversy. ***Id.***, 2006 WL 561554 at *1.